**Electronically Filed
Intermediate Court of Appeals
29969
05-AUG-2011
08:16 AM**

NO. 29969

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I


HANALEI GARDEN FARMS, INC., Plaintiff/Counterclaim
Defendant-Appellee,
and
CADES SCHUTTE LLP, Judgment Creditor-Appellant,
v.
TOM PACE, aka THOMAS W. PACE,, Defendant/
Counterclaimant-Appellee,
and
CARDINAL INVESTMENT COMPANY, a Florida Corporation,
Defendant-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 00-1-0034)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Fujise, JJ.)

Judgment Creditor-Appellant Cades Schutte LLP appeals
from the post-judgment "Order Partially Granting and Partially
Denying (1) Defendant Tom Pace's Motion for Partial Release and
Return of the Amount Deposited with the Court Filed April 15,
2009; and (2) the Cross Motion of Judgment Creditor Cades Schutte
LLP for Disbursement of Bond Posted by Defendant Tom Pace, Filed
April 24, 2009" (Order) filed on June 24, 2009, in the Circuit
Court of the Fifth Circuit (circuit court).[1]

---

[1] The Honorable Randal G.B. Valenciano presided.

On appeal, Cades Schutte LLP (Cades) contends:

(1) The circuit court erred by holding that Defendant/Counterclaimant-Appellee Tom Pace (Pace) held a valid assignment of the October 13, 2004 Partial Judgment entered in favor of Defendant-Appellee Cardinal Investment Company (Cardinal) and against Plaintiff/Counterclaim Defendant-Appellee Hanalei Garden Farms, Inc. (Hanalei).

(2) The circuit court erred by ordering offset of separate judgment components between Cades and Cardinal, judgment creditors with no reciprocal liabilities against each other. Cades asks this court to reverse the Order insofar as the Order offset Hanalei's judgment debt to Cardinal against Pace's judgment debt to Cades.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Cades' points of error as follows:

(1) Cades contends that Cardinal's assignment of its judgment to Pace was invalid because it was a partial judgment, not a final judgment. Cades' argument is without merit. Cades' argument relies on authority dealing with judgments in tort, not contract.

> Where the cause of action is of an assignable character, as in the case of actions ex contractu, a valid assignment may be made before the rendition of the judgment that will become operative as soon as the judgment is recovered. Where, however, the cause of action is in tort there can be no assignment until the claim has been merged in an actual judgment, even though a verdict has been given for plaintiff, and an interest in a judgment to be recovered in such a case is not assignable, although it has been held in some cases that such assignment before judgment gives to the assignee an interest in the judgment, when perfected, which may be enforced in equity.

50 C.J.S. Judgments § 833 (2009) (footnotes omitted).
Additionally,

> No particular phraseology is required to effect an assignment. The ultimate test is the intention of the assignor to give and the assignee to receive present

2

> ownership of the claim. A valid assignment may be made by any words or acts which fairly indicate an intention to make the assignee the owner of a claim. The important thing is the act and the evidence of intent; formalities are not material. Thus, whether or not an assignment occurred is a question of fact for the trial court.

Premier Capital, LLC v. Skaltsis, 155 N.H. 110, 115, 934 A.2d 496, 501 (2007) (internal quotation marks, citations, and brackets omitted). The circuit court did not clearly err in finding that Cardinal had assigned to Pace its interest in its $32,669.12 judgment against Hanalei.

Cades further argues that the evidence of the assignment from Cardinal to Pace was hearsay. However, Cades did not object to that evidence in the circuit court and "[t]he rule that an appellate court will consider only such questions as were raised at the trial is well settled." Bank of Hawaii v. Char, 43 Haw. 17, 21 (Haw. Terr. 1958).

(2) Cades contends that Cades and Cardinal are not mutually indebted parties, Cades does not owe a debt to Pace or Cardinal, and therefore offset was invalid. Cades further contends that Pace had no claim to equitable offset because Cades had no notice of the assignment from Cardinal to Pace.

"A bona fide purchaser of a judgment stands in the judgment creditor's shoes." 50 C.J.S. Judgments § 841 (2009) (footnote omitted). "On the principle that the assignee of a judgment takes it subject to all equities between the original parties, one judgment may be set off against another, as a general rule, although the latter judgment has been assigned to a third person for value." Id. at § 900 (footnote omitted). "As a general rule the assignee of a judgment takes it subject to the right of the debtor to set off against it any valid claims which he or she has against the assignor, and which would be good as a set-off against the judgment in the assignor's hands, although it has been held that the assignee will be protected if he or she had no notice of the judgment debtor's right to set-off." Id. at § 902 (footnote omitted). "[A] judgment debtor who has, by

3

assignment or otherwise, become the owner of a judgment or claim against his judgment creditor, may go into the court in which the judgment against him was rendered and have his judgment offset against the first judgment." Harrison v. Adams, 20 Cal. 2d 646, 649 (1942).

The circuit court did not abuse its discretion when it held that (1) Cades received a judgment from Hanalei that was subject to offsets, (2) Hanalei's judgment against Pace was subject to offset against a judgment Pace had against Hanalei via an assignment from Cardinal, and (3) Cades was aware of Cardinal's judgment against Hanalei.

Therefore,

The "Order Partially Granting and Partially Denying (1) Defendant Tom Pace's Motion for Partial Release and Return of the Amount Deposited with the Court Filed April 15, 2009; and (2) the Cross Motion of Judgment Creditor Cades Schutte LLP for Disbursement of Bond Posted by Defendant Tom Pace, Filed April 24, 2009" filed in the Circuit Court of the Fifth Circuit on June 24, 2009 is affirmed.

DATED: Honolulu, Hawaiʻi, August 5, 2011.

On the briefs:

Philip J. Leas
Michael Schwartz
(Cades Schutte LLP)
for Judgment Creditor-
Appellant Cades Schutte LLP.

Daniel G. Hempey
(Hempey & Meyers LLP)
for Defendant/Counterclaimant-
Appellee Tom Pace.

Chief Judge

Associate Judge

Associate Judge